ORAL ARGUMENT NOT YET SCHEDULED

No. 25-1051

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

COMPETITIVE CARRIERS ASSOCIATION,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*.

On Petition for Review of an Order of
the Federal Communications Commission

**RESPONDENT FEDERAL COMMUNICATIONS COMMISSION'S CONSENT MOTION FOR ABEYANCE**

Respondent Federal Communications Commission respectfully moves to place this case in abeyance pending Commission action on petitions for agency reconsideration of the same agency order challenged here. We are authorized to represent that all parties consent to this motion.

1. The petition for review in this case seeks review of an FCC order setting eligibility criteria and other parameters for a proposed subsidy

program, known as 5G Fund Phase I, to support 5G wireless service in rural areas. *See Establishing a 5G Fund for Rural America*, FCC 24-89, 39 FCC Rcd. ---, 2024 WL 4005762 (rel. Aug. 29, 2024) (*Order*). Those criteria will be used to allocate and award subsidies through a reverse auction that will be conducted at a future date to be determined after additional agency proceedings are completed.

When the *Order* was adopted in August 2024, then-Commissioner Carr—who is now the Chairman of the Commission—dissented. He maintained that, "[a]s a threshold matter," the Commission should not decide to allocate new or additional subsidies through the 5G Fund without knowing the results of a parallel grant program established by Congress, known as the Broadband Equity, Access, and Deployment (BEAD) program, 47 U.S.C. § 1702. *See Order*, 2024 WL 4005762, at *93–95 (dissenting statement of Comm'r Carr).

**2.** Petitioner Competitive Carriers Association states in its petition for review that it intends to challenge various aspects of the *Order*, including the Commission's decision to make 5G Fund eligibility determinations before the results of BEAD funding are known. Petitioner has also indicated it may challenge the 5G Fund's overall program budget, the speed threshold the Commission selected for

determining areas eligible for subsidies, and the wireless coverage data used to identify areas that are eligible under that speed threshold. *See* Pet. for Review at 2–3.

    **3.** In parallel with the petition for judicial review here, the Commission received two petitions for agency reconsideration of the *Order* that substantially overlap with the petition for review in this case; they ask the Commission to reconsider the same issues that Petitioner intends to raise here. *See* Pet. for Recon. of Rural Wireless Ass'n, Inc., GN Dkt. No. 20-32 (FCC filed Jan. 10, 2025);[1] Pet. for Recon. of Coal. of Rural Wireless Carriers, GN Dkt. No. 20-32 (FCC filed Jan. 13, 2025).[2] Under 47 C.F.R. § 1.429(e), the Commission has issued a public notice (which will be published in the Federal Register) seeking public comment on the petitions for reconsideration. *See* Pub. Notice, Pets. for Recon. of Action in Proceeding, DA 25-172, 2025 WL 658731 (FCC Feb. 26, 2025).

    **4.** This Court's usual practice is to hold judicial proceedings in abeyance when overlapping petitions for administrative reconsideration

---

[1] Available at https://www.fcc.gov/ecfs/filing/101102590811409.
[2] Available at https://www.fcc.gov/ecfs/filing/101140586723392.

have been filed.³ The Court should follow that practice here. If the Commission were to grant the petitions for reconsideration in whole or in part, that decision could render moot or significantly alter the issues raised by the petition for review in this case. It would therefore be "the proper course"—and would serve judicial economy and protect the interests of the parties—"to hold th[is] appeal in abeyance pending the Commission's further proceedings[.]" *Wrather-Alvarez Broad., Inc. v. FCC*, 248 F.2d 646, 649 (D.C. Cir. 1957); *see also Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 386–89 (D.C. Cir. 2012).

Holding this case in abeyance would also conserve resources by deferring the filing of the administrative record, which is currently due on March 24. The record in this matter is voluminous, consisting of more than 3,300 filings. The ongoing administrative proceedings on the petitions for reconsideration could significantly alter or expand the administrative record, or could potentially resolve or render this case

---

³ *See, e.g.*, *Cal. Pub. Utils. Comm'n v. FCC*, No. 21-1016 (order issued Apr. 8, 2021); *Twenty-First Century Fox, Inc. v. FCC*, No. 16-1375 (order issued Dec. 21, 2016); *U.S. Telecom Ass'n v. FCC*, No. 15-1322 (order issued Jan. 14, 2016); *Sprint Nextel Corp. v. FCC*, No. 06-1278 (order issued Dec. 6, 2006); *EchoStar Satellite LLC v. FCC*, No. 04-1033 (order issued June 7, 2004); *Northpoint Tech., Ltd. v. FCC*, No. 02-1194 (order issued Aug. 29, 2002).

- 5 -

moot. Compiling the full administrative record at this time would therefore be an inefficient use of agency resources that can be conserved through abeyance.

5. If the Court grants this motion and places this case in abeyance, the Commission proposes to file periodic status reports at 90-day intervals and to promptly notify the Court upon completion of agency proceedings on the petitions for reconsideration. All parties reserve the right to move for the Court to lift abeyance and return the case to the active docket should circumstances warrant.

6. Counsel for the Commission have conferred with counsel for Petitioner Competitive Carriers Association and counsel for co-Respondent United States of America, and we are authorized to state that all parties consent to this motion.

\*   \*   \*

For the foregoing reasons, the Court should grant this motion and place this case in abeyance pending Commission action on the petitions for agency reconsideration.

Dated: March 10, 2025  Respectfully submitted,

/s/ *Scott M. Noveck*

D. Adam Candeub
  *General Counsel*

Bradley Craigmyle
  *Deputy General Counsel*

Sarah E. Citrin
  *Deputy Associate General Counsel*

Scott M. Noveck
  *Counsel*

FEDERAL COMMUNICATIONS
  COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal
  Communications Commission*

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1):

    ☒ this document contains <u>843</u> words, *or*

    ☐ this document uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

        /s/ *Scott M. Noveck*
        Scott M. Noveck
        *Counsel for Respondent*
        *Federal Communications Commission*