# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| COMPETITIVE CARRIERS ASSOCIATION, <br><br> Petitioner, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION AND THE UNITED STATES OF AMERICA <br><br> Respondents. | Case No. 25-1051 |

## COMPETITIVE CARRIERS ASSOCIATION'S
## NON-BINDING STATEMENT OF ISSUES

Pursuant to this Court's order dated February 7, 2025, Competitive Carriers Association hereby submits the following non-binding statement of issues.

The Federal Communications Commission's ("FCC") order, *see Establishing a 5G Fund for Rural America*, 89 Fed. Reg. 101358 (Dec. 13, 2024) ("*Order*"), is contrary to law, contrary to the governing statues, arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and unwarranted by the facts, for the reasons stated below, among others.

Among other issues, the issues presented for review are:

1. Whether the *Order* is contrary to the governing statutes or is otherwise unlawful, including because the FCC arbitrarily, capriciously, and without

substantial evidence in the record, based the speed threshold for defining eligible areas on its assumption of the "the minimum desired . . . mobile user experience," while failing to explain or provide support for that assumption. *Order*, 89 Fed. Reg. at 101363;

2. Whether the *Order* is contrary to the governing statutes or is otherwise unlawful, including because the FCC established a speed threshold for defining eligible areas based on an assumption, lacking the support of substantial evidence in the record, that providers will upgrade to higher speeds in those areas absent financial support, and failed to explain or provide support for that assumption;

3. Whether the *Order* is contrary to the governing statutes or is otherwise unlawful, including because the FCC's decision to base the speed threshold for defining eligible areas on "the minimum desired . . . mobile user experience," *Order*, 89 Fed. Reg. at 101363, failed to meet the FCC's statutory duty to ensure that consumers in rural and high-cost areas receive services that are "reasonably comparable," 47 U.S.C. § 254(b)(3), to those provided in urban areas.

4. Whether the *Order* is contrary to the governing statutes or is otherwise unlawful, including because the FCC arbitrarily, capriciously, and without substantial evidence in the record, decided to make eligibility determinations

using mobile maps that overstate mobile broadband coverage, and despite significant evidence in the record that the maps are inaccurate and unreliable and do not include any build-out that will arise from the Broadband Equity Access and Deployment ("BEAD") program awards; and

5. Whether the *Order* is contrary to the governing statutes or is otherwise unlawful, including because the FCC arbitrarily, capriciously, without substantial evidence in the record, and without any reasoned explanation, selected a budget of "up to $9 billion," for the 5G Fund Phase I auction. *Order*, 89 Fed. Reg. at 101359.

March 10, 2025

Respectfully submitted,

/s/ Sean A. Lev
Sean A. Lev
Jennifer Bagg
Jason Neal
Mohammad M. Ali
HWG LLP
1919 M St., N.W., 8th Floor
Washington, D.C. 20036
(202) 730-1300
slev@hwglaw.com

*Counsel to Competitive Carriers Association*

# CERTIFICATE OF SERVICE

I hereby certify that, on March 10, 2025, the foregoing Statement of Issues was filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit through the CM/ECF system. Service will be accomplished by the CM/ECF system.

March 10, 2025

Respectfully submitted,

/s/ Sean A. Lev
Sean A. Lev
Jennifer Bagg
Jason Neal
Mohammad M. Ali
HWG LLP
1919 M St., N.W., 8th Floor
Washington, D.C. 20036
(202) 730-1300
slev@hwglaw.com

*Counsel to Competitive Carriers Association*